IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAWRENCE E. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV182 |
| | ) | |
| V. | ) | |
| | ) | |
| THE CITY OF LINCOLN, in the State of | ) | **MEMORANDUM** |
| Nebraska, and STEGMAN, Detective, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed his Complaint on April 21, 2016. (Filing No. 1.) Plaintiff filed an Amended Complaint on May 9, 2016. (Filing No. 9.) On July 15, 2016, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, as well as a proposed second amended complaint ("Second Amended Complaint"). (Filing No. 14.)

Plaintiff was previously given leave to proceed in forma pauperis in this case. (Filing No. 7.) Therefore, at this time, the court will conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For purposes of conducting this review, the court will consider Plaintiff's Second Amended Complaint as the operative pleading in this action.

## I. SUMMARY OF COMPLAINT

Plaintiff's Second Amended Complaint (Filing No. 14) names "The City of Lincoln, in the State of Nebraska" and "Detective Stegman" as defendants. (Filing No. 14 at CM/ECF p. 2.) Stegman is named in his official and individual capacities. Plaintiff claims that at all times relevant to this suit, Stegman was a police detective with the Lincoln Police Department in Lincoln, Nebraska.

Plaintiff, who is incarcerated in the Omaha Correctional Center, alleges that Stegman violated his constitutional rights by slandering Plaintiff. Plaintiff maintains that Stegman falsely reported that Plaintiff made certain statements to Stegman during an interview. Plaintiff claims that as a result of Stegman's false report, Plaintiff was transferred to a "more secure prison," and was subsequently found guilty of misconduct. Plaintiff claims that the misconduct finding caused him to be denied parole and to suffer emotional and physical distress. Plaintiff also suggests that Stegman is prejudiced against inmates, which is why Stegman lied about Plaintiff's interview responses.

Plaintiff seeks to recover monetary damages.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* [28 U.S.C. §§ 1915(e)](#) and [1915A](#). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](#); [28 U.S.C. § 1915A(b)](#).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007)](#); *see also* [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)](#) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" [*Topchian v. JPMorgan*](#)

2

*Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

#### 1. Claims Against the State of Nebraska

To the extent Plaintiff attempts to assert claims against the State of Nebraska, the claims are precluded by the Eleventh Amendment. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.* ; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks monetary relief. Therefore, to the extent that Plaintiff's claims are directed against the State of Nebraska, they are barred.

### 2. Claims Against the City of Lincoln, Nebraska

Plaintiff has not stated a viable claim against the City of Lincoln. The City may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff has not presented any allegations even suggesting the existence of an official policy or custom. Therefore, Plaintiff's claims against the City of Lincoln fail to state a claim.

### 3. Claims Against Detective Stegman

Plaintiff has sued Stegman in his official and individual capacities. Plaintiff alleges that Stegman was a police detective with the Lincoln Police Department. A claim against an individual in his *official capacity* is, in reality, a claim against the entity that employs the official, in this case, the City of Lincoln. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)). The City of Lincoln can only be liable under § 1983 if a municipal policy or custom caused Plaintiff's injury. *See Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978). As explained above, Plaintiff has not made allegations supporting such a claim. Therefore, Plaintiff's claims against Stegman in his official capacity fail.

Plaintiff asserts that Stegman falsely attributed certain statements to Plaintiff, which resulted in disciplinary measures being taken against Plaintiff. Plaintiff alleges that Stegman slandered him "under the guise of doing his job" and violated "the color of law doctrine." (Filing No. 14 at CM/ECF p. 2.) Plaintiff's allegations fail to state a claim. "Damages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege or immunity secured to him by the

4

Federal Constitution or laws of the United States." *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975).

Moreover, to the extent that Plaintiff attempts to assert an equal protection claim, it fails. Plaintiff's conclusory assertion that Stegman generally demonstrated prejudice towards inmates does not state a cognizable equal protection claim.

Out of an abundance of caution, the court will provide Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff shall file his amended complaint no later than September 8, 2016. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1. Plaintiff shall file an amended complaint asserting cognizable claims by September 8, 2016. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: September 8, 2016, check for amended complaint.

3. Plaintiff's Motion for Leave to File a Second Amended Complaint (Filing No. 14) is denied as moot.

DATED this 10th day of August, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

5